NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REYNALDO DABU VILLEGAS,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-71372

Agency No. A086-966-185

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 9, 2020[**]
San Francisco, California

Before:  WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,[***] District Judge.

Reynaldo Villegas, a native and citizen of the Philippines, appeals from an

order of the Board of Immigration Appeals ("BIA") adopting and affirming the

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Immigration Judge's ("IJ") decision denying his application to remove the conditions on his permanent resident status and ordering him removed from the United States. The IJ concluded that the Department of Homeland Security ("DHS") established by a preponderance of the evidence that the marriage between Villegas and U.S. citizen Fe Alvarez was not entered into in good faith. We hold that the agency's decision was supported by substantial evidence and deny the petition for review.

1. Substantial evidence supported the IJ's adverse credibility finding with respect to Villegas. The IJ based the adverse credibility finding in part on Villegas's evasive testimony about whether he was paying child support to his ex-wife; his failure to disclose that Alvarez and his ex-wife "sometimes . . . give each other [business] referrals" when first asked about the relationship between the two women; and his unpersuasive explanation for why U.S. Citizenship and Immigration Services ("USCIS") officers found no sign that he lived at the residence that he and Alvarez purportedly shared. Villegas suggests that other portions of his testimony that the IJ relied on in support of its adverse credibility finding were inconsistent because he misunderstood the interpreter and is bad at testifying. But this contention is belied by the transcript of the proceedings.

The IJ's adverse credibility finding with respect to Alvarez was also supported by substantial evidence. Alvarez made statements that were internally

inconsistent, and, most notably, admitted that she lied to USCIS officers when they visited her residence. *See Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("What matters is that the petitioner chose to lie to immigration authorities. That always counts as substantial evidence supporting an adverse credibility finding.").

**2.** Substantial evidence supported the BIA's determination that DHS met its burden of proving that Villegas and Alvarez did not enter into their marriage in good faith. In addition to the adverse credibility findings the BIA accepted from the IJ, the BIA based its determination on the following facts, among others: USCIS officers found no items belonging to Villegas and no pictures of Villegas at the residence that he and Alvarez purportedly shared; the landlord of Villegas's ex-wife stated that Villegas had been living with his ex-wife and their children; and Villegas and Alvarez both admitted that they had separated but were waiting to divorce until Villegas's immigration proceedings concluded. The documentary evidence that Villegas provided to show a bona fide marriage is outweighed by the substantial evidence that Villegas and Alvarez did not "intend[] to establish a life together at the time they were married." *Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1148 (9th Cir. 2005).

**3.** Villegas's claim that he was denied due process fails because he has not shown any prejudice resulting from his inability to cross-examine the USCIS officers who investigated his marriage. *See Ram v. Mukasey*, 529 F.3d 1238, 1241

3

(9th Cir. 2008). Villegas does not contest the key findings of that investigation—that none of his belongings were found in the residence that he and Alvarez purportedly shared, that no pictures of him were found in that residence, and that his ex-wife's landlord stated that Villegas had been living with his ex-wife and their children. Accordingly, Villegas has not shown that the "outcome of the proceedings" was potentially affected. *Id.* at 1242.

**PETITION DENIED.**